# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| **KENNETH FISHER** ) | |
| ) | |
| *Plaintiff* ) | |
| ) | **Case No. 3:20-cv-03260** |
| *v.* ) | |
| ) | |
| **THE HARTFORD LIFE AND ACCIDENT** ) | |
| **INSURANCE COMPANY** ) | |
| ) | |
| *Defendant* ) | |

## NOTICE OF REMOVAL

Defendant and removing party, Hartford Life And Accident Insurance Company ("Hartford"), by its attorneys, Jacqueline J. Herring and Rachel Beattie of Smith von Schleicher & Associates, provides notice of removal of this action to the United States District Court for the Central District of Illinois, Springfield Division, pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for removal:

1. Hartford is the defendant in an action captioned *Kenneth Fisher v. The Hartford Life and Accident Insurance Company*, Case No. 19-MR-181, pending in the Circuit Court of the Fourth Judicial Circuit, Christian County, Illinois. Plaintiff Kenneth Fisher ("Plaintiff") commenced this action on October 4, 2019 by filing a Complaint. The case docket, attached as Exhibit 1, reflects that on January 7, 2020, Plaintiff filed an Amended Complaint and Motion for Leave to Amend the Complaint, and that on May 14, 2020, Plaintiff filed a Second Amended Complaint and Motion for Leave to File a Second Amended Complaint. The docket does not indicate that any orders were entered granting the Motions for Leave. (Ex. 1).

2. On September 8, 2020, Hartford received a letter from the Director of the Illinois Department of Insurance, enclosing a copy of (1) a Second Alias Summons, and (2) portions of

Plaintiff's Second Amended Complaint, without exhibits A, B, C, and D referenced in the Second Amended Complaint. A copy of the Second Amended Complaint without exhibits is attached as Exhibit 2 and a copy of the Second Alias Summons is attached as Exhibit 3. The Second Alias Summons and Second Amended Complaint without exhibits constitute all the process, pleadings, and orders received by Hartford in this matter. Hartford's Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446. A copy of the Notice of Filing Notice of Removal to be filed with the Circuit Court of the Fourth Judicial Circuit is attached as Exhibit 4.

3.  Hartford removes this action pursuant to 28 U.S.C. §1441 *et seq.* based on federal question jurisdiction under 28 U.S.C. §1331. The United States District Court for the Central District of Illinois is the appropriate venue for removal of this action from the Circuit Court of the Fourth Judicial Circuit, Christian County, Illinois.

4.  This civil action is removable based on federal question jurisdiction under 28 U.S.C. §1331 and §1441, because Plaintiff seeks payment of benefits under an employee welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"). (Ex. 2, Compl., ¶¶ 3, 6, Cts. II & III Wherefore). The Plan is an employee welfare benefit plan as defined by ERISA. 29 U.S.C. §1002(1).

5.  Section 502(a)(1)(B) of ERISA allows a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Plaintiff alleges that he is entitled to payment of disability benefits, and he asserts state law claims for breach of contract and declaratory judgment. (Ex. 2, Compl. ¶ 9, Cts. II & III). Plaintiff seeks as relief payment of benefits under the Plan. (Ex. 2, Compl. Cts. II & III Wherefore). Plaintiff's claims fall squarely within ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

6. Section 502(a)(1)(B) completely preempts the state law claims asserted in the Complaint. Complete preemption under ERISA §502(a) has such "extraordinary pre-emptive power" that it converts certain state law claims into ERISA claims, and confers federal jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "'[C]auses of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" *Id.* (quoting *Taylor*, 481 U.S. at 66).

7. ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), provides Plaintiff with exclusive remedies for recovery of benefits, pursuant to *Taylor*, 481 U.S. 58 and *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Plaintiff's claim for benefits cannot be resolved without interpreting the terms of the Plan relating to eligibility for Plan benefits. Plaintiff's state law claims, therefore, fall within the scope of 29 U.S.C. §1132(a)(1)(B) and are completely preempted and governed by ERISA. *See Davila*, 542 U.S. at 210.

8. Because federal question jurisdiction exists under 28 U.S.C. §1331 based on ERISA and the doctrine of complete preemption, Hartford is entitled to remove this lawsuit from state court to federal court pursuant to 28 U.S.C. §1441.

9. Accordingly, this case is properly removed from the Circuit Court of the Fourth Judicial Circuit, Christian County, Illinois, to the United States District Court for the Central District of Illinois, based on federal question jurisdiction.

WHEREFORE, Removing Party and Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, requests that the above titled action be removed from the Circuit Court of the Fourth Judicial Circuit, Christian County, Illinois, to the United States District Court for the Central District of Illinois, Springfield Division.

                        Respectfully submitted,

| | |
|---|---|
| Jacqueline J. Herring (IL-6282246) | By: /s/ *Jacqueline J. Herring* |
| Rachel Beattie (IL-6305444) | Attorney for Defendant, |
| SMITH \| VON SCHLEICHER + ASSOCIATES | Hartford Life And Accident Insurance Company |
| 180 North LaSalle St. Suite 3130 | |
| Chicago, Illinois 60601 | |
| P  312.541.0300  \|  F  312.541.0933 | |
| warren.vonschleicher@svs-law.com | |
| jackie.herring@svs-law.com | |

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2020, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the individual addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

Dennis R. Atteberry
Atteberry P.C.
220 W. Main Cross
Taylorville, IL 62568
dalaw@atteberrylaw.com

*/s/ Jacqueline J. Herring*
SMITH | VON SCHLEICHER + ASSOCIATES
180 N. LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
jackie.herring@svs-law.com
Ill. Bar No. 6282246