E-FILED
Friday, 02 October, 2020  04:17:03 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 2

EFILED
5/14/2020 9:15 AM
Julie J. Mayer
CIRCUIT CLERK
CHRISTIAN COUNTY
By: AD

# IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## CHRISTIAN COUNTY, TAYLORVILLE ILLINOIS

Kenneth Fisher )
          Plaintiff, )
)
v. )    Case No. 19-MR - 131
)
The Hartford Life and Accident Insurance Company )
)
          Defendant. )

## **VERIFIED SECOND AMENDED COMPLAINT**

NOW COMES the Plaintiff, Kenneth Fisher and in support of his Complaint against the Defendant Hartford Life and Accident Insurance Company states as follows:

### **GENERAL ALLEGATIONS**

1. Plaintiff is a resident of the City of Taylorville, County of Christian, State of Illinois.

2. Defendant is a Delaware corporation doing business in the State of Illinois including Christian County, Illinois and who is in the business of providing health, life and long term disability insurance.

3. At all relevant times, and on information and belief, the Plaintiff was a participant of a plan through the Defendant which included health, life and long term disability insurance.

4. A copy of the policy was requested on August 19, 2019, August 29, 2019 September 10, 2019 and September 11, 2019. See Group Ex. A.

5. On May 17, 2018, the Plaintiff was involved in a catastrophic accident wherein he fell off a platform struck his head and had a severe closed head injury.

6. The Plaintiff applied for benefits and was allegedly denied on January 16, 2019.

1

7. Despite the alleged denial, the Plaintiff received confirmation of coverage letters on June 24, 2019 (See Ex. B.)

8. The Plaintiff continued to have insurance premiums taken out of his bank account by direct deposit through August 1, 2019. (See ex. C.)

9. An appeal was performed providing, on information and belief, all relevant documentation including updated medical, the Defendant needed to process the claim and to provide the benefits the Plaintiff is contractually entitled to.

## COUNT I
Declaratory Action
(Tolling of Appeal time)

1-9. Plaintiff re-pleads and re-alleges the allegations in the General Allegations section as and for paragraphs 1-9 of Count I.

10. On information and belief, the underlying contract has a 180 day appeal deadline.

11. On August 23, 2019, the Defendant informed the Plaintiff she missed her 180 day appeal deadline. See Ex. D.

12. Illinois law is well settled in that an insurer will be estopped from raising a limitations defense where its actions lull the insured into a false sense of security, thereby causing him to delay the assertion of his rights. *Hermanson v. Country Mut. Ins. Co.*, 267 Ill. App. 3d 1031, 1035, 642 N.E.2d 857, 860, 204 Ill. Dec. 956, 959, 1994 WL 605819 (1st Dist. 1994)

13. Defendant's acceptance of insurance benefits throughout the disputed time period including and through August, 2019 constitute actions which would lead the insured into a false sense of security, thereby causing him to delay the assertions of his rights.

14.   Defendant's sending a "confirmation of coverage" letter to the Plaintiff constitutes an action which would lead the insured into a false sense of security, thereby causing him to delay the assertions of his rights.

15.   It is fair and reasonable to conclude that the appeal conducted by the Plaintiff on July 31, 2019 was timely and within the 180 day period.

WHEREFORE, the Plaintiff prays that the Court find:

A.   that the Defendant's actions tolled the time which the Plaintiff had a right to appeal;

B.   that the Appeal was timely;

C.   that the Defendant's actions constituted a vexatious and unreasonable delay in paying benefits;

D.   award reasonable attorney fees and costs; and

E.   And such other relief the Court finds fair and reasonable.

## COUNT II
Declaratory Action
(Entitlement to Benefits)

1-9.   Plaintiff re-pleads and re-alleges the allegations in the General Allegations section as and for paragraphs 1-9 of Count II.

10.   On July 31, 2019, the Plaintiff has presented to the Defendant all documents necessary to process and approve the claim for long term disability payments.

WHEREFORE, the PLAINTIFF prays that the Court:

A.   Find that the Plaintiff is entitled to long term disability benefits under the policy with the Defendant.

B.   Find that any benefits the Plaintiff is or would have been entitled to under the plan, be granted to the Plaintiff during the time which premiums were paid and retained;

3

C.  Find that the Defendant's denial of benefits is both vexatious and unreasonable;

D.  Award the Plaintiff reasonable attorney fees and costs associated with bringing this suit.

E.  and such other relief the Court deems fair and reasonable.

### COUNT III
Breach of Contract

1-9.  Plaintiff re-pleads and re-alleges the allegations in the General Allegations section as and for paragraphs 1-9 of Count III.

10.  The Plaintiff and the Defendant are parties to a valid contract.

11.  Pursuant to the contract, the Plaintiff has paid premiums for a policy which entitles them to benefits including but not limited to, health insurance, life insurance and long term disability insurance and thus is ready able and willing to perform his end of the contract;

12.  Defendant has failed to provide benefits under the policy since June, 2019.

13.  Defendant's failure to provide benefits under the policy constitute a breach of contract.

14.  As a result of the breach of contract by the Defendant, the Plaintiff has been without medical coverage for a severe injury as well as Crohn's disease, as well as payments under the long term disability coverage and incurred financial indebtedness for medical bills.

WHEREFORE, the Plaintiff prays that the Court find:

A.  That there was a valid agreement in full force and affect at the time of the breach;

B.  That the Plaintiff has satisfied his obligations under the contract;

C.  That the Defendant has breached the contract by failing to provide insurance benefits to the Plaintiff;

4

    D.    That the Defendant will reinstate the insurance and shall pay all benefits accrued between June 1, 2019 and the present;

    E.    Find that the Defendant's actions were vexatious and unreasonable;

    F.    Award reasonable attorney fees and costs;

    G.    And such other relief as the Court deems fair and reasonable.

Respectfully Submitted,
Kenneth Fisher, Plaintiff,

BY: _____
Dennis R. Atteberry

**Dennis R. Atteberry**
**Reg. No. 6274488**
ATTEBERRY P.C.
*Attorneys at Law*
220 W. Main Cross
Taylorville IL 62568
(217)824-3131
dalaw@atteberrylaw.com

## VERIFICATION

Under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

_Kenneth Fisher_
Kenneth Fisher

Dennis R. Atteberry
Reg. No. 6274488
ATTEBERRY P.C.
*Attorneys at Law*
220 West Main Cross
Taylorville, IL 62568
(217)824-3131
dalaw@atteberrylaw.com